Fuchsberg, J.
(concurring in result). I cannot say that, as a matter of law, the published statements here were incapable of being read to imply that Gregg Dodge Moran had mishandled or mismanaged the funds she collected for charity and that the Morans’ marital relationship was beset by strains owing to both partners’ extracurricular activities. Even granting defendants’ contention that the article in question made clear that the statements being reported were only "gossip”, the tone, style, and arrangement of the "gossip” was such that the average reader might well be inclined to conclude that where there is smoke there is fire. I would, therefore, hold that it was for a jury to decide whether the average reader would in fact reach that conclusion.
However, I concur in the result reached by the majority only because the plaintiffs in the present context failed to *1073 meet the requirement of sufficient allegation that their reputations were actually harmed by the publication of gossip already published and unchallenged some three years prior to the publication of the article in issue here. While it is true that, until recently, a plaintiff who alleged libel per se was accorded a presumption that harm to reputation followed from the libel (see Mencher v Chesley, 297 NY 94), since the United States Supreme Court’s ruling in Gertz v Robert Welch, Inc. (418 US 323), a private person who alleges libel, even libel per se, is held to a strict requirement of the actual damages to be proved (at pp 349-350).
As the Gertz case makes clear, while the States are to be accorded some leeway in defining the standard of responsibility to which libel defendants will be held, the tensions between private injury and First Amendment rights, in a close case, must still be resolved in favor of the freedoms of speech and of the press. Accordingly, a libel plaintiff who fails to establish any facts in support of an allegation of harm to reputation and who actually alleges facts inconsistent with such harm should, arguably, even on a motion to dismiss the complaint for failure to state a cause of action, be dismissed with prejudice.
Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur; Judge Fuchsberg concurs in result in a separate opinion in which Chief Judge Breitel concurs.
Order affirmed, without costs, in a memorandum.